TURBIN CHU HEIDT, A Law Corporation
RICHARD TURBIN                                      (1044)
richturbin@turbin.net
RAI SAINT CHU                                       (1133)
raisaintchu@turbin.net
JANICE D. HEIDT                                     (8984)
jheidt@turbin.net
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2730
Honolulu, HI 96813
Telephone: (808) 528-4000
Facsimile:  (808) 599-1984

RICHARD A. LESSER                                   (5832)
lesser@divelaw.com
423 S. Pacific Coast Highway, Suite 206
Redondo Beach, California 90277
Telephone: (310) 374-4808
Facsimile:  (310) 372-7715

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD YOUNG and CHERYL YOUNG, | CIVIL NO. _____ (In Admiralty) |
| Plaintiffs, | |
| vs. | COMPLAINT FOR DAMAGES |
| KEWALO MARINE SERVICES LLC dba HONOLULU SCUBA COMPANY, In Personam; and *M/V MOE MAC*, In Rem, USCG Doc. No. 596208, HIN ENN001420877, Call Sign WDC7446, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, CLIFFORD YOUNG and CHERYL YOUNG ("Plaintiffs"), through their attorneys, TURBIN CHU HEIDT and LESSER & ASSOCIATES, and for a Complaint, In Personam and In Rem, against Defendants KEWALO MARINE SERVICES LLC dba HONOLULU SCUBA COMPANY and *M/V MOE MAC*, USCG Doc. No. 596208, HIN ENN001420877, Call Sign WDC7446, alleges and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1. At all times material hereto, Plaintiffs CLIFFORD YOUNG and CHERYL YOUNG resided in the State of Missouri and are legally married.

2. At all times material hereto, Plaintiff CLIFFORD YOUNG was a "passenger for hire" aboard the *M/V MOE MAC* as that phrase is used in 33 CFR Section 101.105.

3. At all times material hereto, Defendant KEWALO MARINE SERVICES LLC dba HONOLULU SCUBA COMPANY (hereafter "HONOLULU SCUBA COMPANY") was, and still is a domestic limited liability company organized and existing under the laws of the State of Hawaii, a seller of the cruise tour purchased by the Plaintiff, and the owner, operator and charterer of *M/V MOE MAC*, USCG Doc. Vessel 596208, HIN ENN001420877, Call Sign WDC7446.

4. At all times material hereto, Defendant, *M/V MOE MAC* was and is a passenger vessel engaged in commerce within the jurisdiction of the United States District Court, District of Hawaii, and her engines, equipment and appurtenances, etc. ("the VESSEL") were owned and operated by Defendant HONOLULU SCUBA, as an "inspected" passenger vessel.

5. This is a case of admiralty and maritime jurisdiction as more fully appears within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. §1332 because the Plaintiffs are citizens and residents of the State of Missouri and Defendants are citizens of the State of Hawaii and the amount in controversy exceeds $75,000.

7. Venue is properly before this Court pursuant to 28 U.S.C. §1391 because all events material to this Complaint occurred within the District of Hawaii, State of Hawaii.

## *COUNT I*

8. On November 28, 2016, Plaintiff CLIFFORD YOUNG was a customer of Defendant HONOLULU SCUBA COMPANY and a fare-paying passenger aboard the VESSEL, while said VESSEL was transiting navigable waters offshore the Island of Oahu, within the State of Hawaii.

9. On said date, Plaintiff CLIFFORD YOUNG was aboard the VESSEL while in transit and preparing to make a dive using scuba equipment.

10. While the VESSEL was underway, employees of Defendant HONOLULU SCUAB COMPANY directed Plaintiff CLIFFORD YOUNG to stow his equipment bag and other material below decks, and while attempting to descend the ladder into the hold for the storage that was directed, Plaintiff CLIFFORD YOUNG slipped on the ladder, fell down the stairs, and injured his right leg to a degree unknown to him at that time.

11. Upon return to the dock, Plaintiff CLIFFORD YOUNG was treated at Straub Medical Center and released with a directive to obtain further medical treatment thereafter when he returned home to Missouri.

12. While in pain, relatively immobile, and requiring the use of a cane to walk, Plaintiff CLIFFORD YOUNG returned with his wife to the rental car facility, where he was taken by rental car company transport van to Honolulu International Airport to take his return flight.

13. As a result of his initial injuries aboard the VESSEL, Plaintiff CLIFFORD YOUNG's injured right leg buckled while descending the stairs of the car rental company transport van at Honolulu International Airport, and Plaintiff injured his left leg.

14. Plaintiff CLIFFORD YOUNG was treated with palliative care at the Airport and subsequently took his reserved flight to Oakland, California, where he was further examined at Sutter Health's Alta Bates Summit Medical Center, before ultimately returning to his home in Missouri where he received additional medical treatment.

15. Defendant HONOLULU SCUBA COMPANY, its agents, servants, employees and/or representatives, were negligent, grossly negligent, careless, and/or reckless in one or more of the following respects:

    a. In failing to use even scant care to warn all its passengers, including Plaintiff CLIFFORD YOUNG, of dangerous conditions offshore which were known to Defendant HONOLULU SCUBA COMPANY, and were not open, obvious, readily apparent and/or readily discoverable by Plaintiff CLIFFORD YOUNG;

    b. In failing to exercise even scant care to man the VESSEL with an adequately-sized and properly trained crew but instead acting with reckless disregard for their passengers' safety, did not keep appropriate lookout to assist Plaintiff CLIFFORD YOUNG to stow his equipment bag;

    c. In failing to exercise even scant care to operate the vessel in rough seas of the open ocean, causing severe injuries to Plaintiff CLIFFORD YOUNG while in transit;

    d. In maneuvering the VESSEL in a manner which placed passengers aboard, including Plaintiff CLIFFORD YOUNG, in unreasonable danger of injury; and

    e. In failing to operate and/or maintain the VESSEL in a safe and seaworthy condition and/or manner, and in failing to properly hire, train and supervise its crew and/or VESSEL staff.

16. As a direct and proximate result of Defendant HONOLULU SCUBA COMPANY's gross negligence, negligence, carelessness, and/or recklessness, Plaintiff CLIFFORD YOUNG suffered general and special damages in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

17. As a direct and proximate result of Defendant HONOLULU SCUBA COMPANY's gross negligence, negligence, carelessness, and/or recklessness, Plaintiff CLIFFORD YOUNG suffered, and continues to suffer severe, permanent, and painful injuries to various parts of his body, including, but not limited to, ruptured tendons in his right and left legs. Said injuries have caused, and will continue to cause, Plaintiff CLIFFORD YOUNG great physical, mental, and emotional pain and suffering, serious emotional distress and mental anxiety, all to his general damage in an amount to be determined at the time of trial herein.

18. As a further direct and proximate result of Defendant HONOLULU SCUBA COMPANY's gross negligence, negligence, carelessness, and/or recklessness, Plaintiff CLIFFORD YOUNG was forced to incur, and will continue to incur, various medical costs and expenses, all to his special damage in an amount to be determined at the time of trial herein.

19. As a further direct and proximate result of Defendant HONOLULU SCUBA COMPANY's gross negligence, negligence, carelessness, and/or recklessness, Plaintiff CLIFFORD YOUNG has lost, and will continue to lose,

wages, income, benefits, and earning capacity, all to his special damage in an amount to be determined at the time of trial herein.

20. As a further direct and proximate result of Defendant HONOLULU SCUBA COMPANY's gross negligence, negligence, carelessness, and/or recklessness, Plaintiff CLIFFORD YOUNG suffered, and will continue to suffer in the future, other general and special damages to be shown at the time of trial.

## COUNT II

21. Plaintiffs CLIFFORD YOUNG and CHERYL YOUNG repeat and incorporate by reference as though fully and completely set forth herein the allegations in paragraphs 1 through 20.

22. In performing the acts and omissions alleged herein, Defendant HONOLULU SCUBA COMPANY was motivated either whole or in part by a desire for financial gain, acted outrageously, and were guilty of gross negligence, willful, wanton and reckless indifference for the rights of others or behavior even more deplorable, justifying an award of punitive damages in an amount to be determined at the time of Trial herein.

## COUNT III

23. Plaintiffs CLIFFORD YOUNG and CHERYL YOUNG repeat and incorporate by reference as though fully and completely set forth herein the allegations in paragraphs 1 through 22.

24.  As a direct and proximate result of Defendant HONOLULU SCUBA COMPANY's gross negligence, negligence, carelessness, and/or recklessness, Plaintiffs CLIFFORD YOUNG and CHERYL YOUNG have lost love, affection, security, companionship, comfort, consortium, and support of each other.

### COUNT IV

25.  Plaintiffs CLIFFORD YOUNG and CHERYL YOUNG repeat and incorporate by reference as though fully and completely set forth herein the allegations in paragraphs 1 through 24.

26.  Pursuant to 46 U.S.C. §31301(5), the VESSEL is jointly and severally liable for all damages sustained by Plaintiffs as a result of Defendant HONOLULU SCUBA COMPANY's negligence, gross negligence, carelessness, and/or recklessness.

27.  Pursuant to 46 U.S.C. §31301(5), plaintiffs' claims constitute a valid and enforceable preferred maritime lien against the VESSEL.

WHEREFORE, Plaintiffs CLIFFORD YOUNG and CHERYL YOUNG pray for judgment against Defendants, and each of them, as follows:

    A.  That maritime process of arrest be issued, that the VESSEL be arrested, condemned and sold and that judgment *in rem* be entered in Plaintiff's favor and against the VESSEL;

    B.    That judgment *in personam* be entered in Plaintiff's favor and against Defendant HONOLULU SCUBA COMPANY, awarding:

        i.    General damages;

        ii.    Special damages;

        iii.    Punitive damages;

        iv.    Prejudgment interest;

        v.    Costs of suit; and

        vi.    Such other and further relief as the Court deems just and proper.

    C.    That *in personam* judgment be entered in favor of Plaintiffs CLIFFORD YOUNG and CHERYL YOUNG, against Defendant HONOLULU SCUBA COMPANY, for punitive damages.

/ / /

DATED:  Honolulu, Hawaii, May __4__, 2017.

                                          RICHARD TURBIN
                                          RICHARD A. LESSER
                                          JANICE D. HEIDT
                                          Attorneys for Plaintiffs
                                          CLIFFORD YOUNG and
                                          CHERYL YOUNG